UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANN ESPOSITO,

        Petitioner,

vs.                                     Case No. 3:20-cv-932-BJD-MCR

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

# **ORDER**

## I.  INTRODUCTION

Petitioner Ann Esposito, an inmate of the Florida penal system, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) pursuant to the mailbox rule on August 14, 2020.   She also filed a Memorandum of Law (Memorandum) (Doc. 2). Petitioner challenges her state court (Flagler County) conviction for crimes against person – exploitation of elderly or disabled adult.

Respondents filed a Response to Petition Motion to Dismiss (Response) (Doc. 17), asserting the federal petition is time-barred and due to be dismissed

as untimely.[1]   Petitioner filed a Reply (Reply) (Doc. 13), claiming actual innocence and entitlement to post-conviction relief.   Reply at 1-2.

## II.  TIMELINESS

Respondents assert the Petition is untimely.[2]   Response at 4-12.   Upon review, the Petition was filed beyond the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitation.

Of import, under AEDPA,

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme

---

[1]  Respondents filed an Appendix (Doc. 8), and the Court will refer to the exhibits in the Appendix as "Ex."   Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page.   Otherwise, the page number on the particular document will be referenced.   The Court will reference the page numbers assigned by the electronic docketing system for the Petition, Memorandum, Response, and Reply.

[2]  In the alternative, Respondents address the merits of Petitioner's claim of ineffective assistance of counsel during the penalty phase.   Response at 12-25.

Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to
cases on collateral review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been discovered
through the exercise of due diligence.

(2) The time during which a properly filed application for
State post-conviction or other collateral review with respect to the
pertinent judgment or claim is pending shall not be counted
toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, pursuant to AEDPA, effective April 24, 1996, Petitioner had one-
year to file a timely federal petition pursuant to 28 U.S.C. § 2254.  Guenther
v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1058 (2000)
(same).   Review of the record shows Petitioner failed to comply with the
limitation period described above.

After judgment and conviction, Petitioner appealed to the Fifth District
Court of Appeal (5th DCA).   Ex. A at 58; Ex. D (Anders brief).[3]  On January
20, 2015, the 5th DCA affirmed per curiam.   Ex. E; Esposito v. State, 156 So.
3d 1103 (Fla. 5th DCA 2015).   The mandate issued February 13, 2015.   Id.

On January 14, 2016, pursuant to the mailbox rule, Petitioner filed a
letter to the court, construed to be a Rule 3.800(c) motion for modification of

---

[3]  Anders v. Cal., 386 U.S. 738 (1967).

3

her sentence.   Ex. F.   Apparently, it was filed with the clerk of the court on January 20, 2016.   On January 25, 2016, the circuit court denied the motion for modification finding it untimely filed.   Ex. G.   The court explained:

> According to Florida Rule of Criminal Procedure 3.800(c), a court has jurisdiction to modify a sentence within sixty (60) days after the entry of the mandate affirming the judgment.   Defendant's letter was filed on January 20, 2016.   Defendant's appeal before the Fifth Circuit of Appeal, case number 5D14-2689, was *per curiam* affirmed with Mandate issued on February 13 2015.   Thus, Defendant's motion is denied as untimely.

Id. at 1.[4]   Thus, the court found the motion untimely and procedurally barred. No appeal was taken.

The conviction became final on Monday, April 20, 2015 (the 90th day after January 20, 2015) (According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").   The limitation period began running the following day, Tuesday, April 21, 2015, and ran for a period

---

[4]  Sixty days from February 13, 2015 would have fallen on Tuesday, April 14, 2015.   Thus, even if the state court had relied on the mailbox rule filing date of January 14, 2016, it would not have altered the finding concerning timeliness as the 60-day deadline had long passed.

of 365 days, until the one-year limitation period expired on Wednesday, April 20, 2016.

Although on January 14, 2016 pursuant to the mailbox rule, Petitioner filed a Rule 3.800(c) motion, the circuit court dismissed the motion as untimely filed.[5]   Ex. G.   Being untimely, the motion for modification did not serve to toll the limitation period.   <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (addressing the meaning of "properly filed").   For example, in <u>Scott v. Jones</u>, No. 4:15cv475/WS/EMT, 2016 WL 7104866, at *3 n.4 (N.D. Fla. Oct. 20, 2016) (not reported in F. Supp.), <u>report and recommendation adopted by</u> 2016 WL 7045733 (N.D. Fla. Dec. 2, 2016),[6] the district court explained the lack of tolling:

> Even though Petitioner filed his second and third Rule 3.800(c) motions prior to November 22, 2013, neither of them tolled the federal limitations period, because the state court dismissed each of them as untimely. <u>See</u> <u>Allen v. Siebert</u>, 552 U.S. 3, 7, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007) (state time limits, no matter their form, are filing conditions, and thus, state

---

[5] The Eleventh Circuit has held that a Rule 3.800(c) motion is an application for collateral review.   <u>Rogers v. Sec'y Dep't of Corr.</u>, 855 F.3d 1274, 1277 (11th Cir. 2017).

[6] The Court finds the reasoning of <u>Scott</u> persuasive on this point.   <u>See</u> <u>McNamara v. Gov't Emp. Ins. Co.</u>, 30 F.4th 1055, 1060-61 (11th Cir. 2022) (reiterating that unpublished opinions may be cited as persuasive authority but are not binding precedent.   <u>See</u> Rule 32.1, Fed. R. App. P.   The Court references other unpublished decisions in this opinion, recognizing that these decisions constitute persuasive authority, not binding precedent.

post-conviction relief petition is not "properly filed" within meaning of tolling provision of AEDPA's imitations period for federal habeas petitions, if it was rejected by state court as untimely); <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); <u>Artuz v. Bennett</u>, 531 U.S. 4, 8–9, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) ("An application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.... If ... an application is erroneously accepted by the clerk of a court lacking jurisdiction, ... it will be pending, but not properly filed") (emphases in original) (footnote omitted).

"A state court's procedural determination that a filing is untimely is generally accorded due deference and is binding on the federal courts" unless the procedural rule is not firmly established and regularly followed. <u>Rodriguez v. McNeil</u>, No. 08-22059-Civ-JORDAN, 2009 WL 10674083, at *6 (S.D. Fla. July 23, 2009) (citing <u>Stafford v. Thompson</u>, 328 F.3d 1302, 1305 (11th Cir. 2003)) (not reported in F. Supp.), <u>report and recommendation adopted by</u> 2009 WL 10674186 (S.D. Fla. Oct. 7, 2009).  Here, the state circuit court expressly found the motion was not timely filed, which Petitioner did not overcome.

Petitioner filed a Rule 3.850 motion on January 26, 2017 pursuant to the mailbox rule, but this motion did not toll the federal one-year limitation period because it had already expired.   Ex. H at 1-17.   See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) (state petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).   Here, there was no period remaining when Petitioner submitted her Rule 3.850 motion to the circuit court; therefore, there was nothing to be tolled.   As such, the Petition is untimely.

Petitioner filed her Petition in this Court on August 14, 2020.   Based on the above, the Court finds the Petition is untimely filed.

### III.   FUNDAMENTAL MISCARRIAGE OF JUSTICE

Based on the history outlined above, the Petition is untimely and due to be dismissed.   Apparently, Petitioner is claiming she is actually innocent of the crime of exploitation of the elderly or disabled adult, and she submits it would constitute a fundamental miscarriage of justice if the Court failed to review the Petition.   Petition at 13-14.   She argues,

> [e]ven if the Court finds that this Petition is filed
> beyond the one year time limitations the exception is
> valid due to the extraordinary circumstances for which
> the State Court's adjudicated [sic] is not based on any
> evidence that represents acts of criminal conduct;
> thereby demonstrating a miscarriage of justice of such
> significant Constitutional violations that Petitioner's
> confinement is illegal.

Id.  See also Reply at 1.

To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of her trial.  See McQuiggan v. Perkins, 569 U.S. 383, 395 (2013) (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner).  The circuit court conducted an evidentiary hearing on Petitioner's claim of ineffective assistance of counsel at the penalty phase.  As reflected in the testimony of William Bookhammer, defense counsel, the evidence at issue was available at the time of Petitioner's plea.

At the evidentiary hearing, Mr. Bookhammer testified the defense was aware that the victim's money had been "spent on other things" besides the victim's care.  Ex. H at 125.  Mr. Bookhammer also knew that Investigator

Meadows had determined that the complaints to the Department of Children and Families (DCF) were unfounded, and Detective Glasgow testified to such at the sentencing proceeding.   Id. at 127-28.   As for the banking information from Bank of America and VyStar Credit Union, Mr. Bookhammer said he provided those records in discovery, and the banking deposit slips were signed by Petitioner's mother.   Id. at 128.   Detective Glasgow testified at sentencing as to that fact.   Id.   Finally, Mr. Bookhammer testified that he knew about attorney Bedsole and knew that he had done a power of attorney.   Id. at 129. In fact, Mr. Bookhammer testified he spoke with Mr. Bedsole in preparation for trial, and attested he did not contemplate calling Mr. Bedsole as a witness for sentencing because there was no factual dispute concerning the legitimacy of the power of attorney.   Id. at 129.

Of note, the circuit court denied post-conviction relief on the claim of ineffective assistance of counsel at the penalty phase finding:

> Evidence was presented that at the sentencing hearing Detective Glasgow had testified not only about three DCF Investigations in which the allegations were unfounded, but also that the Bank of America transaction slips in which approximately $88,000.00 was transferred into Defendant's account were signed by Defendant's mother.   Both Defendant and Mr. Bookhammer agreed that having DCF Investigator Meadows and a Bank of America records custodian testify at the penalty phase would have been cumulative and would not have made a difference in

> the outcome.   Mr. Bookhammer also testified that he had spoken with Attorney Bedsole at length about his preparation of the durable Power of Attorney, and did not call him to testify at the sentencing hearing because he did not have any mitigating evidence with respect to Defendant.

Ex. H at 68.

Here, Petitioner points to no new evidence that was not available at the time of trial.[7]   She has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.   The evidence she refers to was known and available.   Therefore, she has failed to demonstrate she has new evidence establishing actual innocence.

## IV.   EQUITABLE TOLLING

Based on the history outlined above, the Petition is untimely and due to be dismissed unless Petitioner can establish equitable tolling of the statute of limitations is warranted.   The AEDPA is applicable to Petitioner's case as her conviction became final after April 24, 1996, the effective date of AEDPA.

---

[7] Petitioner pled no contest to the offense in exchange for a bargain with the state.   Ex. B. The state agreed to nol pros counts 2 and 3 of the information.   Id. at 4.   The state also agreed to dismiss the charges in two other cases.   Id.   Petitioner made an open plea to the court.   Id.   The court advised Petitioner that she faced up to a maximum of 30 years on the remaining count.   Id. at 10.   The defense stipulated to a factual basis for the plea.   Id. at 13.   The court sentenced Petitioner to 15 years in prison followed by 15 years of drug offender probation, commenting that had she gone to trial, the sentence likely would have been much higher.   Ex. C at 102-103.   Petitioner received the benefit of the bargain.

Smith v. Jones, 256 F.3d 1135, 1143 (11th Cir. 2001) (by its terms, the state of limitations provision in AEDPA bars any petition filed more than a year after the conviction became final at the conclusion of direct appeal, absent exceptions and qualified tolling periods), cert. denied, 534 U.S. 1136 (2002). The AEDPA one-year limitation period is subject to equitable tolling.   Holland v. Fla., 560 U.S. 631, 651-52 (2010).

Petitioner carries the burden of persuasion.  She must satisfy a two-pronged test; she must demonstrate "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way and prevented timely filing."   Id. at 649 (quotation marks omitted).   See Christmas v. Judd, No. 20-14431, 2021 WL 4860927, at *1 (11th Cir. Oct. 19, 2021) (per curiam) (not reported in Fed. Rptr.) (same).   Equitable tolling is an extraordinary remedy, only employed in "rare and exceptional circumstances and typically applied sparingly."   Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018).   See Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (equitable tolling "is a remedy that must be used sparingly").   This heavy burden is not easily surmounted.   See Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (recognizing the Eleventh Circuit "has held that

11

an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Apparently, Petitioner is claiming she is entitled to equitable tolling.   In her Memorandum, Petitioner references <u>Martinez</u>. Memorandum at 17. Petitioner may be attempting to rely on <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), claiming she is entitled to have her Petition heard free of procedural or time bars because she did not have counsel or had deficient counsel for her collateral review proceedings.   To the extent she is attempting to rely on <u>Martinez</u> to overcome the statute of limitations bar, this contention fails as the Eleventh Circuit has rejected that contention.   <u>Arthur v. Thomas</u>, 739 F.3d 611, 630 (11th Cir.) (finding the <u>Martinez</u> rule inapplicable to the statute of limitations or the tolling of that period), <u>cert. denied</u>, 574 U.S. 821 (2014).   In short, the holding in <u>Martinez</u>, is inapplicable and does not excuse the untimeliness of the filing of the Petition.

As noted by Respondents, Petitioner "has alleged no circumstances warranting the application of equitable tolling."   Response at 11.   She has not shown that she pursued her rights with reasonable diligence.   Additionally, she has not shown that the untimely filing of the federal petition should be contributed to circumstances beyond her control.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon her.   The record demonstrates Petitioner had ample time to exhaust state remedies and prepare and file a federal petition.   Petitioner has not shown extraordinary circumstances stood in her way and prevented her from timely filing a petition.   Furthermore, she has not shown she exercised due diligence.   Thus, she has failed to demonstrate that she is entitled to equitable tolling.

In conclusion, because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon her, she is not excused from complying with the time constraints for filing a federal petition.   28 U.S.C. § 2244(d).   As such, the Court will dismiss the Petition and this case with prejudice as untimely.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition for Writ of Habeas Corpus (Doc. 1) and the case are **DISMISSED with prejudice.**

2.    The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3.    The **Clerk** shall close the case.

13

4.     If Petitioner appeals the dismissal of the Petition for Writ of
Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[8]
Because this Court has determined that a certificate of appealability is not
warranted, the **Clerk** shall terminate from the pending motions report any
motion to proceed on appeal as a pauper that may be filed in this case.    Such
termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of
February, 2023.

_____
BRIAN J. DAVIS
United States District Judge

sa 2/14
c:
Ann Esposito
Counsel of Record

---

[8]  This Court should issue a certificate of appealability only if a petitioner makes "a
substantial showing of the denial of a constitutional right."    28 U.S.C. § 2253(c)(2).    To make
this substantial showing, Petitioner "must demonstrate that reasonable jurists would find
the district court's assessment of the constitutional claims debatable or wrong," Tennard v.
Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or
that "the issues presented were 'adequate to deserve encouragement to proceed further,'"
Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880,
893 n.4 (1983)).    Upon due consideration, this Court will deny a certificate of appealability.